UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMMONS FIRST NATIONAL BANK,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD C. LEHMAN, et al.,<br><br>Defendants. | Case No. 13-cv-02876-DMR<br><br>**ORDER ON PLAINTIFF'S MOTION TO STRIKE**<br><br>Re: Dkt. No. 121 |

Plaintiff Simmons First National Bank ("Simmons") brings this action for judicial foreclosure against real property owned by Defendants Richard C. Lehman and Michele D. Koo. Simmons moves pursuant to Federal Rule of Civil Procedure 12(f) to strike twelve of Defendants' affirmative defenses. [Docket No. 121.] This matter is appropriate for determination without oral argument. Civil L.R. 7-1(b). For the following reasons, the court GRANTS the motion to strike.

**I. Factual Background and Procedural History**

The court has discussed the facts of this case in detail in prior orders, (*see* Docket Nos. 113("MSJs Order"), 164), and therefore highlights only those facts that are relevant to deciding this motion. This lawsuit concerns a February 4, 2009 deed of trust ("the Deed of Trust") recorded against Defendants' residential property in Woodside, California ("the Woodside property"). The Deed of Trust secured a promissory note for a $3 million loan (the "note") made by Excel Bank ("Excel") to Bonhomme Investment Partners, LLC ("Bonhomme"; the "Bonhomme loan"). Lehman executed a personal guaranty securing Bonhomme's debts, liabilities, and obligations regarding the Bonhomme loan (the "guaranty").

On January 9, 2015, Simmons filed an amended complaint. [Docket No. 92.] Defendants

answered on January 22, 2015, bringing three counterclaims[1] and asserting twenty affirmative defenses. [Docket Nos. 98 (Koo Answer, Counterclaims), 99 (Lehman Answer, Counterclaims).] On February 13, 2015, the court granted Simmons's motion for partial summary judgment on Defendants' five fraud-based affirmative defenses (affirmative defenses two through six) on the grounds that they are barred by 12 U.S.C. § 1823(e) and the *D'Oench, Duhme* doctrine[2]. Simmons now moves to strike Defendants' seventh through fifteenth and eighteenth through twentieth affirmative defenses on the grounds that they are barred by the *D'Oench, Duhme* doctrine[3] and the law of the case.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(f), upon motion or *sua sponte*, a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Fantasy, Inc.*, 984 F.2d at 1527 (quotation marks and citation omitted). Rule 12(f) motions should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001); *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). A decision to strike material from the pleadings is vested to the sound discretion of the trial court. *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000).

## III. Discussion

### A. Timeliness of the Motion

Defendants first argue that the court should not consider this motion because it is untimely. With respect to the timing of a Rule 12(f) motion, the rule states that the court may act "on motion

---

[1] Defendants brought counterclaims for 1) slander and disparagement of title; 2) quiet title; and 3) declaratory judgment. The court dismissed these claims with leave to amend on April 1, 2015.

[2] *See D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 461 (1942).

[3] Defendants' sixteenth and seventeenth affirmative defenses concern the execution of the Deed of Trust and are not at issue in this motion.

made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading," or the court may act "on its own." Fed. R. Civ. P. 12(f). While the present motion falls outside this statutory period, "a party has the right to challenge the legal sufficiency of a defense at any time." *Or. Laborers-Emp'rs Trust Funds v. Pac. Fence & Wire Co.*, 726 F. Supp. 786, 788 (D. Or. 1989); *see Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 565 (S.D. Cal. 2012) (noting that "because courts may strike a legally insufficient defense *sua sponte* at any time in the proceedings, a party's untimeliness in raising the same grounds is akin to harmless error."). Therefore, the court can consider the merits of the motion to strike. *See United States v. Wang*, 404 F. Supp. 2d 1155, 1157 (N.D. Cal. 2005) (considering merits of plaintiff's motion to strike affirmative defenses filed over four months after defendant filed answer).

Here, Defendants filed answers to Simmons's amended complaint on January 22, 2015 and the court issued its order on the parties' motions for summary judgment on February 13, 2015. The case is now on the eve of the pretrial conference, scheduled for April 15, 2015. Since the court's ruling on Defendants' affirmative defenses may significantly narrow the issues presented to the jury, the court exercises its discretion to rule on Simmons's Rule 12(f) motion at this time, because it may assist in avoiding the expenditure of resources at trial. *See Fantasy, Inc.*, 984 F.2d at 1527.

**B.      Analysis**

12 U.S.C. § 1823(e) and the *D'Oench, Duhme* doctrine "prohibit unwritten, undocumented claims and defenses against the FDIC or an assignee bank." *Cmty. Bank of Ozarks v. FDIC*, 984 F.2d 254, 256 (8th Cir. 1993). The "function and purpose of *D'Oench, Duhme* and section 1823(e) . . . [is to] preclude[] obligors from asserting side deals or secret agreements which may mislead bank examiners against the [FDIC] to diminish the value of written loan obligations. Section 1823(e) bars the use of extrinsic agreements to diminish or defeat the [FDIC's] interest in an asset, unless the documents meet specific requirements." *Resolution Trust Corp. v. Kennelly*, 57 F.3d 819, 821 (9th Cir. 1995) (quoting *FDIC v. Zook Bros. Constr. Co.*, 973 F.2d 1448, 1450-51 (9th Cir. 1992)). Among other things, § 1823(e) requires that the agreement be in writing and

3

executed by the FDIC-insured depository institution.  12 U.S.C. § 1823(e)(1)(A), (B).

Through the affirmative defenses at issue in Simmons's motion for summary judgment (affirmative defenses two through six), Defendants asserted that the documents related to the Bonhomme loan, including the Deed of Trust, are void, invalid, or otherwise unenforceable because they "resulted from misrepresentations as to the character and/or essential terms of the proposed agreements and transactions" by Excel and Shaun Hayes, a shareholder of Excel's holding company, Truman Bancorp, Inc., which were relied upon by Bonhomme and Lehman. (Lehman Answer to Am. Compl. ¶¶ 37, 38 (describing in detail Excel and Hayes's alleged misrepresentations and omissions); *see also* ¶¶ 39-41; Koo Answer to Am. Compl. ¶¶ 37, 38; *see also* ¶¶ 39-41.)  The court examined the affirmative defenses at issue and concluded that each was premised on alleged misrepresentations, omissions of material facts, and/or side promises that induced third party Bonhomme to enter into the loan at issue.  (MSJs Order 14-17.)  Because Defendants had produced "no written documentation of these misrepresentations, omissions, and promises that would satisfy the requirements of section 1823(e)," the court concluded that the five affirmative defenses sounding in fraud in the inducement failed as a matter of law.  (MSJs Order 15, 17.)  Simmons now argues that any additional affirmative defense based on "alleged misrepresentations, omissions of material facts, and side promises" is also barred under the *D'Oench, Duhme* doctrine and the law of the case.  (Pl.'s Mot. 2.)  It bears noting that Lehman and Koo offer no substantive opposition to Simmons's argument, and thereby concede the motion. The court nevertheless analyzes each of the challenged affirmative defenses below.

The law of the case doctrine precludes a court "from reconsidering an issue previously decided by the same court, or a higher court in the identical case." *Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005).  "The doctrine has developed to 'maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.'" *Id*. (citation omitted).  Application of the doctrine is discretionary, and "[t]he issue in question must have been decided explicitly or by necessary implication in the previous disposition." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012).

Defendants' seventh affirmative defense is breach of the implied covenant of good faith

and fair dealing. It is based on the allegation that Simmons's claims are "barred by reason of Excel Bank's breach of the implied covenant of good faith and fair dealing in the relevant loan documents." This, in turn, rests on facts regarding Excel and Hayes's alleged misrepresentations. (Answers ¶ 42.) This affirmative defense is based upon the same alleged undocumented misrepresentations, omissions, and promises that formed the basis of the fraud in the inducement affirmative defenses. As before, Defendants offer no agreement that meets the requirements of § 1823(e). Therefore, it is contrary to the law of the case. *See, e.g., Powertech Tech., Inc. v. Tessera, Inc.*, No. C-10-945 CW, 2012 WL 1746848, at *2-3 (N.D. Cal. May 16, 2012) (striking affirmative defense that there was "no justiciable controversy" as contrary to law of the case); *see also FDIC v. Giammettei*, 34 F.3d 51, 58 (2d Cir. 1994) (holding that defenses based upon implied covenant of good faith and fair dealing fall within scope of § 1823(e) because "an implicit covenant of truthfulness of a warranted fact constitutes an agreement" under § 1823(e)).

Defendants' eighth affirmative defense alleges that the loan documents related to the note for the Bonhomme loan "were signed under duress," and this affirmative defense is based on the same facts regarding Excel and Hayes's alleged misrepresentations. (Answers ¶ 43.) Accordingly, this defense is contrary to the law of the case. *See Bell & Murphy & Assocs., Inc. v. Interfirst Bank Gateway, N.A.*, 894 F.2d 750, 754 (5th Cir. 1990) ("it is irrelevant to the applicability of the *D'Oench, Duhme* rule whether . . . [plaintiff] was 'coerced,' under 'economic duress,' into accepting the terms of the agreement proposed by [the defendant bank]. [Plaintiff] could have protected itself by insisting that the bank properly record the agreement."); *Fed. Sav. & Loan Ins. Corp. v. Maio*, 736 F. Supp. 1039, 1041 (N.D. Cal. 1989) (striking affirmative defense of duress; noting "under *D'Oench*, this is not a defense to enforcement of the note.")

Defendants' ninth, tenth, and eleventh affirmative defenses of waiver, estoppel, and unclean hands are each based on the allegations regarding Excel and Hayes's alleged misrepresentations and misconduct, as is the twelfth affirmative defense of "waiver, estoppel, and unclean hands." (Answers ¶¶ 44-47.) Therefore, under the law of the case, they are barred. *See FDIC v. Gulf Life Ins. Co.*, 737 F.2d 1513, 1518 (11th Cir. 1984) ("when the FDIC in its corporate capacity obtains an asset in the course of a purchase and assumption transaction, for value, in good

5

faith, and without knowledge of the defenses, its rights in the assets are not limited by the defenses of waiver, estoppel, or unjust enrichment."); *Maio*, 736 F. Supp. at 1042 (striking affirmative defenses of estoppel and unclean hands as barred by *D'Oench, Duhme*).

Defendants' thirteenth affirmative defense is for unjust enrichment. (Answers ¶ 48.) This defense is based on Defendants' allegations regarding Excel and Hayes's misrepresentations. Defendants allege that Simmons would be unjustly enriched by Bonhomme or Lehman's payment of sums due on the note or guaranty. (Answers ¶ 48.) This affirmative defense is barred under the law of the case. *See Gulf Life Ins. Co.*, 737 F.2d at 1518.

The fourteenth affirmative defense is recoupment. Defendants allege that based on Excel and Hayes's alleged misconduct, Bonhomme and Lehman are entitled to recoupment of any amounts paid by them on the note and guaranty. (Answers ¶ 49.) This affirmative defense is barred under the law of the case. *See Ne. Cmty. Dev. Grp. v. FDIC*, 948 F. Supp. 1140, 1153-54 (D.N.H. 1995) (holding claim for declaratory judgment based on recoupment barred by § 1823(e)(1) and *D'Oench, Duhme*).

Defendants fifteenth and twentieth affirmative defenses are lack of consideration. (Answers ¶¶ 50, 55.) Defendants allege that Bonhomme and Defendants did not receive adequate consideration in exchange for executing the loan documents, including the guaranty. Such defenses are not available under the law of the case. *See Maio*, 736 F. Supp. at 1041 (striking affirmative defense of failure of consideration); *see also FDIC v. Bernstein*, 944 F.2d 101, 108 (2d Cir. 1991) (failure of consideration is barred where the FDIC had no knowledge of such a claim and acted in good faith in acquiring assets).

Defendants' eighteenth affirmative defense alleges that the note, guaranty and Deed of Trust constitute an illegal tying arrangement in violation of 12 U.S.C. § 1972 *et seq*. Specifically, they allege that Hayes "forced Bonhomme and Lehman to obtain the tied products (to wit, the Note, the Guarantee and any other loan documents entered into in connection with the Note) in order to obtain the desired product (to wit, the Bancorp Common Stock)." (Answers ¶ 53.) This allegation is duplicative of Defendants' second and third affirmative defenses of fraud in the factum and fraud in the inducement, which the court held are barred by § 1823(e); therefore, this

defense is barred by the law of the case. (*See* Answers ¶¶ 38, 39 ("Excel Bank and Shaun Hayes deceptively conditioned Excel Bank's loan to Bonhomme, as well as a loan from Truman Bank, on Bonhomme's purchasing certain common stock in Truman Bank's parent holding company, Truman Bancorp, Inc.").) *See Newton v. Uniwest Fin. Corp.*, 967 F.2d 340, 346 (9th Cir. 1992) (holding *D'Oench, Duhme* doctrine and § 1823(e) bar illegal tying claim).

Finally, Defendants' nineteenth affirmative defense is fraudulent concealment of a consent decree governing Bancorp and Truman Bank by Hayes. (Answers ¶ 54.) This allegation is duplicative of Defendants' fraud in the factum and fraud in the inducement defenses. (*See* Answers ¶¶ 38, 39 ("Excel Bank and Shaun Hayes failed to disclose that Bancorp and Truman Bank were subject to the Consent Decree, which Consent Decree governed and restricted certain actions by Bancorp and Truman Bank.").) Therefore, it is barred by the law of the case. *See Brookside Assocs. v. Rifkin*, 49 F.3d 490, 497-98 (9th Cir. 1995) (holding *D'Oench, Duhme* bars claims for fraudulent and negligent concealment).

As noted above, Defendants do not address any of Simmons's substantive arguments supporting the motion to strike. Instead, they assert that Simmons's corporate representative, Joseph Renner, who stated in a January 2015 declaration that he had not located any documents supporting Defendants' affirmative defenses, lacks credibility and the motion should be denied solely on that basis. Specifically, Defendants assert that Simmons failed to timely produce in discovery a March 2013 assignment transferring the Deed of Trust from the FDIC to Simmons. Renner executed the assignment and testified at deposition that Simmons did not have the assignment in its possession; however, after a subsequent break in the deposition, Simmons produced the assignment to Defendants. (Pabst Decl., March 23, 2015, ¶¶ 2, 3, Ex. 1 (Renner Dep.).) Defendants argue that Simmons's failure to timely produce the assignment "smacks of discovery abuse, bad faith and legal malice," and claim that Simmons's failure to produce the assignment in discovery establishes that "(1) the Bank clearly will fail to disclose and produce relevant requested documents, if it serves the Bank's purposes; and (2) Mr. Renner has no credibility." (Defs.' Opp'n 2.)

Defendants argue that because the court's summary judgment order "was premised on the

Renner Declaration, Mr. Renner's credibility is now directly at issue in the Motion to Strike." (Defs.' Opp'n 4; *see* Renner Decl., Jan. 8, 2015, ¶¶ 14-18 (stating "There exists no record of any agreement or representation that tends to diminish or defeat the interest of Excel Bank, the FDIC, or Simmons . . .").) Defendants assert that because "Mr. Renner's testimony carries no weight and cannot be relied upon," they have noticed depositions for Renner's superiors, which were scheduled to take place on March 30, 2015. (Pabst Decl. Exs. 3, 4.)

Although Defendants do not come out and say this directly, they appear to suggest that, based on Mr. Renner's actions, one should infer that Simmons has concealed the existence of a writing that satisfies § 1823(e). On that basis, they argue that the court should deny the motion to strike. This argument is meritless. Because Defendants do not argue that the late-produced assignment constitutes the requisite signed writing required under § 1823(e), Renner's deposition testimony was not inconsistent with his declaration in support of Simmons's motion for summary judgment. Defendants point to no other evidence supporting their claims of "discovery abuse, bad faith and legal malice" that would suggest concealment by Simmons, nor have they identified any evidence which contradicts or refutes any specific statements made by Renner in his declaration to support their claims of concealment. In fact, the record shows the opposite, that Renner was forthcoming about the assignment at his deposition. (Renner Dep. 37-38.) Moreover, the "concealed" document was not concealed at all, and has been in the public record pertaining to Defendants' property since 2013, a fact Defendants concede. (Defs.' Opp'n 5.) In sum, Defendants' implication that Simmons is hiding a writing that complies with § 1823(e) is speculative in the extreme.

Since the court has already ruled that Excel and Hayes's alleged misrepresentations, omissions of material facts, and side promises cannot form the basis of affirmative defenses, Defendants may not maintain any affirmative defenses based on these allegations. Simmons's motion to strike is therefore granted in its entirety.

### IV. Conclusion

For the foregoing reasons, Simmons's motion to strike Defendants seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, eighteenth, nineteenth and twentieth

1  affirmative defenses is granted.

3  **IT IS SO ORDERED.**

4  Dated: April 10, 2015

_____
Donna M. Ryu
United States Magistrate Judge