UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMMONS FIRST NATIONAL BANK,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD C. LEHMAN, et al.,<br><br>Defendants. | Case No. 13-cv-02876-DMR<br><br>**ORDER RE MOTIONS FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND TO FILE FIRST AMENDED ANSWERS**<br><br>Re: Dkt. No. 187, 190 |

On April 8, 2015, Defendants Richard C. Lehman and Michele D. Koo filed a motion for leave to file a motion for reconsideration of the court's April 1, 2015 order dismissing Defendants' counterclaims. [Docket No. 187 (Apr. 1, 2015 Order).]

In their motion, Defendants assert that the court should reconsider its order dismissing their counterclaim for quiet title. In its April 1, 2015 order, the court held that the exception to the tender requirement that applies when the borrower attacks the validity of the underlying debt did not apply in this case. This is because "Defendants do not challenge the validity of any of the Bonhomme loan documents or the loan itself." (Apr. 1, 2015 Order 10.) Defendants now argue that they do in fact challenge the validity of the Bonhomme loan documents and the Bonhomme loan itself, in addition to the validity of the Deed of Trust. Therefore, Defendants contend, they are not required to tender payment on the loan before seeking to quiet title. (Mot. for Recons. 4-5.) Defendants point to affirmative defenses seven through fifteen, and eighteen through nineteen,[1] to support their position that they "specifically allege that the Bonhomme loan

---

[1] The affirmative defenses are breach of the implied duty of good faith and fair dealing (seventh); duress (eighth); waiver (ninth); estoppel (tenth); unclean hands (eleventh); waiver, estoppel and unclean hands (twelfth); unjust enrichment (thirteenth); recoupment (fourteenth); lack of consideration (fifteenth); illegal tying arrangement (eighteenth); and fraudulent concealment of a consent decree (nineteenth).

documents are void and/or unenforceable." (Mot. for Recons. 4.)

On April 10, 2015, after Defendants filed this instant motion, the court granted Plaintiff's motion to strike twelve of Defendants' remaining affirmative defenses, including affirmative defenses seven through fifteen and eighteen through nineteen. [Docket No. 193.] Therefore, the affirmative defenses that form the basis for Defendants' position are no longer operative. Defendants' motion for leave to file a motion for reconsideration is DENIED AS MOOT.

In its April 1, 2015 order dismissing Defendants' counterclaims, the court granted Defendants leave to move to amend the counterclaims by April 8, 2015. In their April 8, 2015 motion for leave to file amended answers, affirmative defenses, and counterclaims (Docket No. 188), Defendants sought leave to amend only with respect to their counterclaim for slander of title. They did not move for leave to amend the quiet title and declaratory judgment counterclaims in accordance with the court's order. However, in their proposed amended answers, affirmative defenses, and counterclaims, they inexplicably included the previously-dismissed counterclaims for quiet title and declaratory judgment, even though they did not move to amend these counterclaims. For the reasons discussed in the court's April 8, 2015 order (Docket No. 190), Defendants' motion to amend the slander of title counterclaim was denied. Defendants did not move to amend the quiet title and declaratory judgment counterclaims in conformance with the court's order. **To clarify, there are no remaining operative counterclaims in this case.**

**IT IS SO ORDERED.**

Dated: April 13, 2015



Donna M. Ryu
United States Magistrate Judge