UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SIMMONS FIRST NATIONAL BANK,

Plaintiff,

v.

RICHARD C. LEHMAN, et al.,

Defendants.

Case No.  13-cv-02876-DMR

**COURT'S DRAFT PRELIMINARY JURY INSTRUCTIONS**

The parties shall file any objections to these Draft Preliminary Jury Instructions by noon on April 23, 2015.  The parties previously were ordered to meet and confer regarding when the court should read each undisputed fact into the record.  By noon on April 23, 2015, the parties shall jointly file a list of undisputed facts, indicating when the court should present them to the jury.

Dated: April 20, 2015



IT IS SO ORDERED

Donna M. Ryu
United States Magistrate Judge

Judge Donna M. Ryu

# DUTY OF JURY (1.1B)

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

# CLAIMS AND DEFENSES (1.2)

To help you follow the evidence, I will give you a brief summary of the positions of the parties: The plaintiff in this case is Simmons First National Bank, which you will also hear referred to as "Simmons."  The defendants in this case are Mr. Richard Lehman ("Mr. Lehman") and Ms. Michele Koo ("Ms. Koo"), who are husband and wife.  Mr. Lehman and Ms. Koo are both doctors.  Many materials in this case refer to them as "Doctor."  The lawyers will be addressing them as "Mr." and "Ms." instead of "Dr." because that is how they prefer to be addressed.

Simmons claims that Bonhomme Investment Partners, LLC, or "Bonhomme," failed to pay back a $3 million dollar loan and a $1.6 million dollar loan that were secured through a Deed of Trust on a residential property in Woodside, California that is owned by Mr. Lehman and Ms. Koo.  Simmons therefore wishes to foreclose on the property.

Mr. Lehman and Ms. Koo deny those claims.  They claim that the promissory notes on both of the two loans only bind Bonhomme, but the Deed of Trust does not mention Bonhomme.  They also claim that Ms. Koo did not initial or sign the Deed of Trust, that her initials and

signature on the Deed of Trust were forged, and that the Deed of Trust is therefore invalid.

## CORPORATE PARTIES (72-1).

In this case, the plaintiff is a corporation. The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE (1.3)

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## WHAT IS EVIDENCE (1.6)

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers have agreed.

## WHAT IS NOT EVIDENCE (1.7)

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you

United States District Court
Northern District of California

remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**EVIDENCE FOR LIMITED PURPOSE (1.8)**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE (1.9)**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.   It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

4

**EXPERT OPINION (2.11)**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**RULING ON OBJECTIONS (1.10)**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**CREDIBILITY OF WITNESSES (1.11)**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

1    (6) the reasonableness of the witness's testimony in light of all the evidence; and

2    (7) any other factors that bear on believability.

3    The weight of the evidence as to a fact does not necessarily depend on the number of

4    witnesses who testify.

5

6    **CONDUCT OF THE JURY (1.12)**

7    I will now say a few words about your conduct as jurors.

8    First, keep an open mind throughout the trial, and do not decide what the verdict should be

9    until you and your fellow jurors have completed your deliberations at the end of the case.

10   Second, because you must decide this case based only on the evidence received in the case

11   and on my instructions as to the law that applies, you must not be exposed to any other

12   information about the case or to the issues it involves during the course of your jury duty.  Thus,

13   until the end of the case or unless I tell you otherwise:

14   Do not communicate with anyone in any way and do not let anyone else communicate with

15   you in any way about the merits of the case or anything to do with it.  This includes discussing the

16   case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any

17   Internet chat room, blog, Web site or other feature.  This applies to communicating with your

18   fellow jurors until I give you the case for deliberation, and it applies to communicating with

19   everyone else including your family members, your employer, the media or press, and the people

20   involved in the trial, although you may notify your family and your employer that you have been

21   seated as a juror in the case.  But, if you are asked or approached in any way about your jury

22   service or anything about this case, you must respond that you have been ordered not to discuss

23   the matter and to report the contact to the court.

24   Because you will receive all the evidence and legal instruction you properly may consider

25   to return a verdict: do not read, watch, or listen to any news or media accounts or commentary

26   about the case or anything to do with it; do not do any research, such as consulting dictionaries,

27   searching the Internet or using other reference materials; and do not make any investigation or in

28   any other way try to learn about the case on your own.

United States District Court
Northern District of California

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

### NO TRANSCRIPT AVAILABLE TO JURY (1.13)

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

### TAKING NOTES (1.14)

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

### BENCH CONFERENCES AND RECESSES (1.18)

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion

United States District Court
Northern District of California

7

1    and error.

2        Of course, we will do what we can to keep the number and length of these conferences to a

3    minimum.  I may not always grant an attorney's request for a conference.  Do not consider my

4    granting or denying a request for a conference as any indication of my opinion of the case or of

5    what your verdict should be.

6

7                        **STIPULATIONS OF FACT (2.2)**

8        The parties have agreed to certain facts.  Those facts will be read to you.  You should

9    therefore treat these facts as having been proved.

10

11                 **DEPOSITION IN LIEU OF LIVE TESTIMONY (2.4)**

12       A deposition is the sworn testimony of a witness taken before trial. The witness is placed

13   under oath to tell the truth, and lawyers for each party may ask questions. The questions and

14   answers are recorded.

15       You should consider deposition testimony, presented to you in court in lieu of live

16   testimony, insofar as possible, in the same way as if the witness had been present to testify.

17

18       **NOTE: The parties did not propose preliminary instructions regarding use of**

19   **interrogatories or demonstratives.  Therefore, the court proposes the following instructions:**

20

21                 **USE OF INTERROGATORIES OF A PARTY (2.10)**

22       Evidence may be presented to you in the form of answers of one of the parties to written

23   interrogatories submitted by the other side.  These answers were given in writing and under oath,

24   before the actual trial, in response to questions that were submitted in writing under established

25   court procedures.  You should consider the answers, insofar as possible, in the same way as if they

26   were made from the witness stand.

27

28           **CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE (2.12)**

United States District Court
Northern District of California

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**CHARTS AND SUMMARIES IN EVIDENCE (2.13)**

Certain charts and summaries may be received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**OUTLINE OF TRIAL (1.19 )**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement. The plaintiff will then present evidence, and counsel for the defendants may cross-examine. Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.